

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

*affirms V-711*

*Modified by Art 2372h-4 & H-112*

**WILL WILSON**
**ATTORNEY GENERAL**

August 4, 1961

Honorable Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Opinion No. WW-1107

Re: Whether the County Auditor
of Dallas County, Texas may
legally make payroll deduc-
tions for an employee of
Dallas County when the em-
ployee requests and authorizes
such deduction to be made and
paid over to the Dallas County
Employees Credit Union; provid-
ed, such acts are duly author-
ized by the Commissioners'
Court of Dallas County, Texas.

Dear Mr. Wade:

Your request for an opinion from this office is sub-
stantially stated as follows:

"May the County Auditor of Dallas
County, Texas, legally make payroll deduc-
tions for an employee of Dallas County when
the employee requests and authorizes such
deduction to be made and paid over to the
Dallas County Employees Credit Union; pro-
vided, such acts are duly authorized by the
Commissioners Court of Dallas County, Texas?"

There is no Texas statute directly concerned with your
problem. However, Article 1656a, Vernon's Civil Statutes,
provides in part as follows:

". . . All of the fees, commissions,
funds, and moneys herein referred to shall
be turned over to the County Treasurer by
such officer as collected, and such money
shall be deposited in the county depository
in a special fund to the credit of such
officer and draw interest for the benefit
of the county, which funds when so deposit-
ed in such depository, shall be secured by

the bond of such depository. Thereafter the officer may draw checks on the County Treasurer to disburse said funds <u>in the payment of salaries and expenses author-ized by law or in payment to the county or to the persons, firms, or corporations to whom said funds may belong.</u> The Treasurer and the depository shall make no payment unless such check is countersigned by the County Auditor. . . ." (Emphasis added)

The underscored sections of this statute do give the County Treasurer authority to disburse funds in the pay-ment of salaries and expenses. However, your situation fulfills neither of the statutory requirements, i.e., the deduction has not been "authorized by law" in light of reasoning to be set forth below, nor does it "belong" to the Dallas County Employees Credit Union.

Our research indicates that there are only two Texas statutes dealing with payroll deductions and both of them apply only for specific deductions.

Article 3.51 of the Insurance Code, Vernon's Civil Statutes, allows payroll deductions for employees' contri-butions to group health insurance policies. Attention is also directed to Attorney General's Opinion No. V-711 (1948) which held that the deduction for this purpose was not the function of the County Auditor, but should be performed by the County Treasurer. We affirm this holding in that a stat-ute was passed to provide for such deductions, and, under our present interpretation of Article 1656a, <u>supra</u>, the County Treasurer is the one to make deductions in such a case, countersigned by the County Auditor.

Article 6252-3, Vernon's Civil Statutes, also author-izes deductions from employees' salaries, but only for the purpose of buying United States Savings Bonds.

Reference is made to Subsection 10 of Article 2351 of Vernon's Civil Statutes wherein the commissioners' court shall:

"Audit and settle all accounts against the county and direct their payment."

Payment to the Credit Union would not be settling an account "against the county" as the individual employee has created the obligation and not the county.

Since the commissioners' court has no express power to make payroll deductions, it cannot rely on its implied power for authorizing this type of disbursement. In Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 453 (1948), the Supreme Court stated:

> "The Constitution does not confer on the commissioners courts 'general authority over the county business' and such courts can exercise only such powers as the Constitution itself or the statutes have 'specifically conferred upon them.' . . . While the commissioners courts have a broad discretion in exercising powers expressly conferred on them, nevertheless the legal basis for any action by any such court must be ultimately found in the Constitution or the statutes."

For other cases denying the use of implied powers in absence of a statute, see Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373 (1919); Moon v. Alred, 277 S.W. 787 (Civ.App. 1925, error dism. w.o.j.); Hill v. Sterrett, 252 S.W.2d 766 (Civ.App. 1952, error ref. n.r.e.).

Consequently, we must hold that the auditor or even the treasurer may not make such deductions. The Legislature has spoken twice regarding payroll deductions and each time for a specific purpose. In your situation such deductions are not legal unless specifically authorized by statute.

### S U M M A R Y

> When an employee of Dallas County requests and authorizes a payroll deduction to be paid to the Dallas County Employees Credit Union, the county auditor cannot legally make such deductions in absence of a statute, even if such acts are duly

authorized by the Commissioners'
Court.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Fred D. Ward
Assistant

FDW:mm:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

William E. Allen
Houghton Brownlee, Jr.
Raymond V. Loftin, Jr.
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Morgan Nesbitt